UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANTONIO BUFFO,

    Plaintiff,

        v.

UNITED STATES STEEL CORPORATION,
GRANITE CITY WORKS MANAGEMENT
CLUB and CARL CANNON,

    Defendants.

Case No. 14-cv-1116-JPG-SCW

## MEMORANDUM AND ORDER

This matter comes before the Court on the Court's December 23, 2014, order for plaintiff Antonio Buffo to show cause why the Court should not find he has fraudulently joined defendants Granite City Works Management Club ("the Club") and Carl Cannon in a case that does not concern them (Doc. 27). Buffo has responded to the order to show cause (Doc. 28), and the defendants have replied to that response (Doc. 29).

As noted in the Court's prior order, Buffo brought this case in state court after he was driving a vehicle on State Route 203 (Edwardsville Road) near property in Granite City, Illinois where a steel production plant was located (1951 State Street). Buffo stopped to inspect some puddles he saw on Edwardsville Road, which he claims were chemicals that had escaped from an underground piping system at the plant at 1951 State Street, and inhaled fumes from the chemicals. As a result, he claims to have suffered damage to his respiratory system and to have incurred medical costs. On October 17, 2014, the defendants removed this case to federal court under 28 U.S.C. § 1441(a) based on the Court's original diversity jurisdiction under 28 U.S.C. § 1332(a) (Doc. 2). They did this despite the fact that Buffo, the Club and Cannon are all citizens of Illinois, so complete diversity did not exist as required by *Strawbridge v. Curtiss*, 3 Cranch (7 U.S.) 267, 2

L. Ed. 435 (1806).   The defendants asserted that the citizenships of Club and Cannon should be disregarded because they were fraudulently joined as defendants in this case.   The defendants believe the Club and Cannon were fraudulently joined because, contrary to the complaint's allegations, neither the Club nor Cannon owned, possessed or controlled the property where Buffo was injured on Edwardsville Road or the plant and piping of 1951 State Street, although the Club's agent for service of process is located at that address.

In its December 23, 2014, order to show cause, the Court noted that the Club and Cannon were not fraudulently joined under first iteration of that doctrine:   a nondiverse defendant is fraudulently joined when, if all issues of fact and law are resolved in favor of the plaintiff, there is no possibility that a plaintiff can state a cause of action against that defendant.   *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992).   If all issues of fact are resolved in Buffo's favor, the Club and Cannon owned, possessed and occupied the property at 1951 State Street and owned, operated and controlled the steel plant on that land, leaving them subject to premises liability under Illinois law.

The Court then turned to the second iteration of the fraudulent joinder doctrine:   a nondiverse defendant is fraudulently joined when his joinder is "without right and made in bad faith" because a defendant had "no real connection with the controversy."   *Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146, 152 (1914).   To establish this kind of fraudulent joinder, the defendant must provide "facts rightly engendering" the conclusion that the joinder is "only a fraudulent device to prevent a removal."   *Id.*   "Merely to traverse the allegations upon which the liability of the resident defendant is rested or to apply the epithet 'fraudulent' to the joinder will not suffice: the showing must be such as compels the conclusion that the joinder is without right and made in bad faith."   *Id.*; *see Southern Ry. Co. v. Lloyd*, 239 U.S. 496, 500 (1916) ("In no case can the right of removal be established by a petition to remove which amounts simply to a traverse of

the facts alleged in the plaintiff's petition, and in that way undertaking to try the merits of a cause of action, good upon its face."). Under this theory of fraudulent joinder, "only uncontroverted evidence showing unmistakably that a diversity-defeating defendant has absolutely no connection with the events giving rise to a case will establish fraudulent joinder." *Hill v. Olin Corp.*, No. 07-cv-54-DRH-CJP, 2007 WL 1431865, at *7 (S.D. Ill. May 14, 2007).

The Court noted that the defendants had produced some evidence the Club and Cannon have no connection at all to the controversy in this case. Affidavit evidence attached to their notice of removal attest to the fact that the Club and Cannon essentially have no ownership, possession or control over the property from which the chemicals that allegedly injured Buffo escaped and that this case simply does not concern them. In the order to show cause, the Court allowed Buffo an opportunity to show that the Club and Cannon have or could have some reasonable connection to the dispute in this case such that they were not fraudulently joined.

In his response to the order to show cause, Buffo presents evidence showing that Cannon was publicly listed by the Illinois Environmental Protection Agency ("IEPA") as the "site owner" of a site at 1951 State Street. This information was based on a February 16, 2012, application for expansion of a landfill at 1951 State Street filed by "Granite City Works U.S. Steel." With respect to the Club, Buffo has presented evidence showing that the Illinois Secretary of State listed the Club's agent's address as 1951 State Street.

The defendants maintain that the Club and Cannon have no ownership, possession or control over the property from which the chemicals that allegedly injured Buffo escaped. They further argue that Buffo alleged he was exposed to chemicals "at or near" 1951 State Street, but that his exposure was not at that address but on State Route 203/Edwardsville Road. No evidence indicates the Club or Cannon had anything to do with that address.

The Court notes that the party invoking the Court's jurisdiction bears a heavy burden of

persuasion to demonstrate fraudulent joinder, *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 763 (7th Cir. 2009), and that doubts about whether a defendant was fraudulently joined and whether removal was, as a consequence, proper must be resolved in favor of the plaintiff, *Morris v. Nuzzo*, 718 F.3d 660, 668 (7th Cir. 2013).   The Court further notes that fraudulent joinder must be proved by clear and convincing evidence.   5 James W. Moore *et al.*, *Moore's Federal Practice* § 102.21[5][a] (3d ed. 2002).

  With these standards in mind, the Court finds that the defendants have not shown by clear and convincing evidence that Cannon was fraudulently joined.   The Court would be hesitant to find the February 2012 application submitted to the IEPA listing Cannon as the "site owner" of the site at 1951 State Street could support a reasonable connection to hazardous chemical exposure in March 2014, as alleged in the complaint.   However, in verifying the IEPA database entry Buffo attached to his response, the Court located a November 12, 2013, application submitted to the IEPA which also lists Cannon as the "site owner" of the same site at 1951 State Street.   *See* http://epadata.epa.state.il.us/land/solidwaste/byLogNumber.asp?pkLog_No=2013-530.   The representation of site ownership in this application was made less than four months before the hazardous chemical exposure Buffo alleges he suffered on March 4, 2014.   The Court believes this statement of site ownership shows that Buffo's inclusion of Cannon as a defendant in this case was not "without right and made in bad faith" and that Cannon may have a "real connection with the controversy."   *Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146, 152 (1914). Accordingly, the Court finds the defendants have failed to carry their heavy burden of persuasion to demonstrate fraudulent joinder.   *See Schur*, 577 F.3d at 763.

  Having found Cannon was not fraudulently joined as a defendant in this case, it is not necessary to determine whether the Club was fraudulently joined.   Based on Cannon's and Buffo's shared Illinois citizenship, complete diversity does not exist, and this case must be

4

remanded.   Accordingly, the Court **REMANDS** this case to the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, for **lack of jurisdiction**.

**IT IS SO ORDERED.**
**DATED:   February 11, 2015**

                                              s/J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**